**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVANGELINA HERNANDEZ-GARCIA, | No. 15-73059 |
| Petitioner, | Agency No. A200-681-694 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2019[**]
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[***] District
Judge.

Evangelina Hernandez-Garcia, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") affirming the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

denial of an Immigration Judge ("IJ") of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     Substantial evidence supports the denial of asylum. Hernandez claimed only that discriminatory comments were made about her because of her sexual orientation. Being "teased, bothered, discriminated against," or "harassed" does "not *compel* a conclusion" that a petitioner suffered past persecution. *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). Substantial evidence also supports the BIA's conclusion that the Mexican government is neither unable nor unwilling to control mistreatment of lesbian and gay citizens. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178–80 (9th Cir. 2007) (en banc).

2.     Because Hernandez failed to satisfy the lower standard of proof required to establish eligibility for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3.     Substantial evidence supports the denial of CAT relief. Hernandez's fear of being "beaten" in Mexico, however reasonable, does not compel the conclusion that she is "more likely than not" to undergo torture. *See* 8 C.F.R. §§ 208.18(a)(2), 1208.16(c)(2).

**PETITION DENIED.**